UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICHOLAS TRISTIAN WALKER, Plaintiff, | )<br>)<br>)<br>) |
| v. | )    C. A. No. 13-13-M |
| ASHBEL T. WALL II, et al., Defendants. | )<br>)<br>)<br>)<br>) |

ORDER

On January 10, 2013, Plaintiff Nicholas Tristian Walker filed this 42 U.S.C. § 1983 action claiming violations of his rights when state correctional officers allegedly goaded another inmate into brutally attacking and sexually assaulting him. ECF No. 1. Over two years later, on July 22, 2015, Mr. Walker pled *nolo contedere* in Rhode Island Superior Court for falsely reporting a crime — the alleged sexual assault — and received a one year sentence. ECF 69-3 at 3.

In light of this turn of events, the Defendants filed a Motion for Summary Judgment (ECF No. 69) based on judicial estoppel.[1] The Defendants' motion raised the question as to whether Mr. Walker had stated a valid claim under § 1983 in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). The court then ordered the parties to show cause why summary judgment should not be granted on those grounds. ECF No. 82. Both parties submitted briefs on the issue. ECF Nos. 83 and 84. After considering the parties' briefs and reviewing the pleadings, the evidence, and the relevant substantive and procedural law, Defendants' Motion for Summary Judgment is GRANTED.[2]

---

[1] Mr. Walker also filed a Motion for Partial Summary Judgment. ECF No. 70.
[2] Plaintiff's motion is therefore DENIED.

## ANALYSIS

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the plaintiff filed a suit in federal court under 42 U.S.C. § 1983 challenging the legality of his state court conviction. He asked for money damages, but not release from custody. The Court concluded that his damages claim called into question the lawfulness of his conviction or confinement, and therefore was not cognizable under § 1983. *Id.* at 483. The Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87; *see also Thore v. Howe*, 466 F.3d 173, 179-80 (1st Cir. 2006); *Stone v. Wall*, No. CA 11-127L, 2015 WL 1137544, at *7-8 (D.R.I. Mar. 12, 2015).

Here, if Mr. Walker were to recover damages for harm suffered as a result of Defendants' allegedly unconstitutional actions (goading another inmate into brutally assaulting him), this would render his sentence for falsely reporting a crime (the alleged assault) invalid. In other words, Mr. Walker cannot prevail on the § 1983 claim unless the assault took place, but *Heck* forbids him from asserting that the assault took place in a § 1983 action, as long as his conviction for fabricating the assault remains valid. Therefore, Mr. Walker does not have a cognizable § 1983 action.

Plaintiff's response to the show cause order made two arguments to the contrary. First, he argued that *Heck* does not apply to Eight Amendment conditions of confinement claims. ECF No. 83 at 3-7. Second, Mr. Walker argued that applying *Heck* to his situation would violate the Supremacy Clause of the United States Constitution. *Id.* at 7-15. Neither argument has merit.

2

Mr. Walker argued that a trilogy of Supreme Court cases established that *Heck* does not apply to Eight Amendment conditions of confinement claims, citing *Muhammad v. Close*, 540 U.S. 749 (2004); *Nelson v. Campbell*, 541 U.S. 637 (2004); and *Hill v. McDonough*, 547 U.S. 573 (2006). That contention is in error. In *Muhammad*, a prisoner was charged with threatening behavior, and eventually found guilty of a lesser infraction — insolence. The prisoner conceded that the insolence determination was justified, but brought a § 1983 action against the charging prison officer, alleging that the higher offense was charged in retaliation for prior lawsuits and grievance proceedings that he had initiated against the officer. The Supreme Court ruled the case was not barred by *Heck*, and clearly so, because the prisoner's potential success would threaten no consequence to his conviction or sentence. In *Nelson* and *Hill*, the Supreme Court concluded that a 42 U.S.C. § 1983 action was an appropriate vehicle for an inmate to challenge a state's execution method. Those two cases have no bearing on Mr. Walker's situation.

Mr. Walker also submitted that *Figueroa v. Rivera*, 147 F.3d 77 (1st Cir. 1998) is to his benefit. Not so. *Figueroa* makes the obvious point that an action for deliberate indifference toward a prisoner's medical needs is not barred by *Heck* where that action "does not challenge the fact or length of the prisoner's confinement." *Id.* at 82. That is not the situation where Mr. Walker finds himself. *Heck* bars Mr. Walker's conditions of confinement claim, because his success on that claim would undermine his sentence for fabricating that exact claim.

In his second argument, Mr. Walker relied on *Haywood v. Drown*, 556 U.S. 729, 734 (2009) to contend that applying *Heck* to dismiss his claim would violate the Supremacy Clause. In *Haywood*, the Supreme Court held that a New York law that stripped state courts of jurisdiction over § 1983 actions against correctional officers violated the Supremacy Clause, because the state law was "contrary to Congress' judgment that all persons who violate federal

3

rights while acting under color of state law shall be held liable for damages." 556 U.S. at 737. Nothing in that opinion has any bearing on Mr. Walker's situation. A dismissal under *Heck* in this situation does not implicate the Supremacy Clause.

**CONCLUSION**

For the reasons stated above, and finding that Mr. Walker's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Defendants' Motion for Summary Judgment (ECF No. 69) is GRANTED and Plaintiff's Motion for Partial Summary Judgment (ECF No. 70) is DENIED.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge
March 3, 2016